IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HAROLD READ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-0108 |
| | § | |
| INPUT/OUTPUT, INC., *et al.*, | § | |
|     Defendants. | § | |

**ORDER DENYING APPOINTMENT OF
LEAD PLAINTIFF AND LEAD COUNSEL**

Pending before the Court is a Motion for Appointment as Lead Plaintiff and for Approval of Plaintiff's Choice of Lead Counsel ("Motion") [Doc. # 8] filed by Plaintiff Ronald J. Cater ("Cater"). "Under the 'lead plaintiff' provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a plaintiff seeking to represent a class of investors must file, together with the complaint, a sworn certification stating, *inter alia,* that the plaintiff (1) is not acting at the behest of counsel, (2) is familiar with the subject matter of the complaint, and (3) has authorized initiation of the action." *Berger v. Compaq Computer Corp.,* 257 F.3d 475, 477 n.1 (5th Cir. 2001); *see also* 15 U.S.C. § 78u-4(a)(2)(A). "The plaintiff then must give notice of the filing of the class action, advising class members of their right to move to serve as lead plaintiffs." *Berger,* 257 F.3d at 477 n.1 (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)). "The court then must appoint a 'lead plaintiff,' adopting the rebuttable presumption that the 'most adequate plaintiff' (1) has either filed the complaint or made a motion to be appointed lead plaintiff, (2) has the largest financial interest in the

relief sought by the putative class, and (3) otherwise satisfies Fed. Rule Civ. P. 23." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(i)-(iii)). Any member of the purported class may move to serve as lead plaintiff. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II), 78u-4(a)(3)(B)(i). A "Court may *sua sponte* evaluate the adequacy of any proposed person or group of persons as Lead Plaintiff(s)." *In re Waste Mgmt. Sec. Litig.,* 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000) (Harmon, J.). "Although the inquiry at this stage of the litigation in determining the Lead Plaintiff is not as searching as the one triggered by a subsequent motion for class certification, the proposed Lead Plaintiff must make at least a preliminary showing that it has claims that are typical of those of the putative class and the capacity to provide adequate representation for those class members." *Id.* at 410.

No plaintiff other than Cater has sought lead plaintiff status. Cater has proposed the appointment of Scott + Scott, LLC as lead counsel and Emerson Poynter LLP as local counsel. No other law firm has sought appointment as lead counsel. Notably, neither the single named plaintiff in this case, Harold Read, nor his attorney, Thomas E. Bilek, of Hoeffner and Bilek, LLP, has objected to Cater's Motion.

On June 14, 2005, however, Defendants raised three material issues concerning Cater's suitability as lead plaintiff and the propriety of his primary attorney, Mr. Shingler, serving as his firm's lead counsel [Doc. # 24]. A week has passed since Defendants raised these issues in an electronically filed document, and neither Cater nor named Plaintiff Read have responded to these comments. First, Defendants point out that Cater's calculations of his losses appears to be incorrect. Cater's Motion represents that he lost more than $28,000,

but his sworn certification submitted with the Motion as Exhibit A to the Declaration of Arthur L. Shingler, Esq. [Doc. # 9] does not support this calculation.  The reliability of Cater's and his counsel's averments that Cater is the person with the "largest financial interest in the relief sought by the class" is in question.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  The Court is not satisfied that Cater has met his burden on this issue.[1] *See, e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, 262-63 (3d Cir. 2001).

Second, Cater and the law firm that seeks lead counsel recognition, Scott + Scott LLC, have filed a one page Declaration of Arthur Shingler, Esq. in support of Cater's Motion [Doc. # 9].  This Declaration is materially incorrect and fails to meet the requirements of the PLSRA.  Mr. Shingler requests in two places that the Court appoint "Giovanni Arca as Lead Plaintiff," and nowhere requests the relief for Cater.  Notably, Cater's name is mentioned only once in the brief declaration, and this is merely to state that Mr. Shingler represents Cater.  While it is conceivable that the two references to Arca as the proposed lead plaintiff may be typographical errors, the Declaration is patently insufficient to meet the requirements of the PLSRA to justify this Court's authorization of Cater as the lead plaintiff.  There is nothing on which the Court may base a reliable factual finding that Cater is the person who is "most capable of adequately representing the interests of class members" as required by 15 U.S.C. § 78u-4(a)(3)(B)(i).  A person's selection as lead plaintiff grants him special status

---

[1] While Cater's certification is not complete because he failed to enter his name at the top of the form, the Court assumes that the certification is his.

with the benefit of a rebuttable presumption that he "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See id.* § 78u-4(a)(3)(B)(iii)(I)(cc).

Third, Mr. Shingler avers that he is an attorney "duly licensed to practice before the courts of the State of Texas." The Court has confirmed Defendant's research that the State Bar of Texas has no record that Mr. Shingler is a member of the Texas Bar. Thus, it appears that Mr. Shingler's representation is untrue.

Cater has made no effort to demonstrate that he can meet – even superficially or preliminarily – the requirements of Rule 23. Thus, Cater has not demonstrated that he satisfies the requirements for lead plaintiff status. *See In re Cendant Corp. Litig.*, 264 F.3d at 262-63. There is little about Cater's Motion that inspires the necessary confidence that he will control the litigation adequately or that he is entitled to the "significant federal rights that previously did not exist." *See In re Bank America Corp. Sec. Litig.*, 263, F.3d 795, 802-03 (8th Cir. 2001).

Further, the Court is unpersuaded that Mr. Shingler on behalf of Scott + Scott LLC warrant the firm's appointment as lead counsel. Appointment of lead plaintiff (and his counsel) elevates the party's status under the PLSRA and enables that party (through his counsel) to control the litigation on behalf of others. The Court declines to delegate that important responsibility to Cater and his counsel at this time. It is therefore

**ORDERED** that Plaintiff Ronald J. Cater's Motion is **DENIED without prejudice**. It is further

**ORDERED** that Plaintiff Harold Read shall **PROVIDE PROMPTLY NEW PUBLIC NOTICE** as required by 15 U.S.C. § 78u-4(a)(3)(A)(i) to determine if any other potential class members, with counsel, seek designation as lead plaintiff. The notice shall give class members 30 days to file a motion for appointment as lead plaintiff and lead counsel.

SIGNED at Houston, Texas, this **22nd** day of **June, 2005.**

_____
Nancy F. Atlas
United States District Judge