## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| HAROLD READ, *et al.,* | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-0108 |
| | § | CONSOLIDATED |
| INPUT/OUTPUT, INC., *et al.,* | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Strike Class Allegations ("Motion")

[Doc. # 31] filed by Defendants Input/Output, Inc., Robert P. Peebler, J. Michael

Kirksy, and Michael K. Lambert ("Defendants").  The time to respond under the

District's Local Rules has expired (S.D. Loc. Rule 7.4) and no named Plaintiffs

have responded in opposition.  Defendants have submitted to the Court a letter

requesting a ruling on the Motion [Doc. # 33].  Defendants request that the Court

strike all class allegations in the Complaint.  Having considered the Motion and the

applicable legal authorities, the Court concludes that the Motion should be

**granted.**

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Harold Read brought this lawsuit on purportedly behalf of all persons who purchased the securities of Input/Output, Inc. ("I/O") between May 10, 2004 and January 4, 2005, alleging violations of sections 10(b) and 20(a) of the of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. 240.10b-5).   *Read* Complaint, at 2 [Doc. # 1].   The Court issued an Order dated May 13, 2005 consolidating the *Read* lawsuit with two other substantially identical cases.[1]   [Doc. # 16].   All Plaintiffs allege Defendants deceived investors about I/O's financial and business operations, leading the investors to purchase I/O securities at artificially inflated prices.   Joint Unopposed Motion for Consolidation, at 3 [Doc. # 14].

Ronald Cater is the only plaintiff who moved for appointment as lead plaintiff.   ("Cater's Motion") [Doc. # 8].   Defendants submitted a statement in response to Cater's Motion.   [Doc. # 24].   Citing Cater's failure (and the failure of Cater's attorney) to meet the requirements of the PSLRA, the Court issued an Order dated June 22, 2005 denying without prejudice Cater's Motion for appointment as lead plaintiff.   [Doc. # 25].   In the June 22 Order, the Court

---

[1]      The consolidated actions are *Giovanni Arca et al. v. Input/Output, Inc., et al.,* Civil Action No. H-05-0457; *Schneur Grossberger et al. v. Input/Output, Inc., et al.,* Civil Action No. H-05-0818.

required that new public notice be published, giving class members 30 days to file a motion for appointment as lead plaintiff and lead counsel. That notice was published on June 22, 2005. Notice of Second Publication [Doc. # 27].

On July 29, 2005, Plaintiff Arca requested leave to allow his attorneys, Scott & Scott L.L.C., to withdraw as counsel of record. Unopposed Motion for Leave to Withdraw Counsel [Doc. # 28]. The Court granted Arca's unopposed motion. Order dated July 29, 2005 [Doc. # 30]. John Emerson with the law firm Emerson Poynter L.L.P. remains attorney-in-charge for Arca. *Id.*[2]

Also on July 29, 2005 Defendants filed the instant Motion asking the Court to strike the class action allegations of the Complaints consolidated in this action. Motion [Doc. # 31]. Defendants argue that the striking of class claims is appropriate because no named plaintiff or member of the purported class has timely moved for appointment as lead plaintiff following the dismissal without prejudice of Cater's Motion, or otherwise "showed any interest whatsoever in this lawsuit." *Id.* at 2-3.

---

[2]     It is unclear whether Arthur Shingler of Scott & Scott L.L.C. remains an attorney for proposed lead plaintiff Ronald Cater, who is not a named plaintiff in this lawsuit.

II.  **ANALYSIS**

Defendants argue that dismissal of all class action allegations is appropriate because Plaintiffs have not complied with the procedural requirements of the Private Securities Litigation Reform Act ("PSLRA") because no one has moved for appointment as lead plaintiff.  Motion, at 2.  "Congress enacted the lead plaintiff provisions of the PSLRA, 15 U.S.C. 78u-4(a)(3)(B), to direct courts to appoint, as lead plaintiff, the most sophisticated investor available and willing so to serve in a putative securities class action."  *Berger v. Compaq Computer Corp.*, 279 F.3d 313, 313 (5th Cir. 2002).  The PSLRA provides that the Court must appoint as lead plaintiff the person who is "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  A person's selection as lead plaintiff grants him special status with the benefit of a rebuttable presumption that he "satisfies the [class representative] requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See id.* § 78u-4(a)(3)(B)(iii)(I)(cc).  "[B]ecause absent class members are conclusively bound by the judgment in any class action brought on their behalf, the court must be especially vigilant to ensure that the due process rights of all class members are safeguarded through adequate representation at all times."  *Berger v. Compaq Computer Corp.,* 257 F.3d 475, 480 (5th Cir. 2001).

It is apparent that no investor is willing to serve as lead plaintiff, as no one has timely moved for appointment or responded to the instant Motion.  There is no reason for this case to proceed as a class action when, evidently, none of the plaintiffs are interested in pursuing their class action allegations.  Moreover, it would be inappropriate for the Court to *sua sponte* appoint an uninterested plaintiff as lead plaintiff, thereby conferring upon that plaintiff the special status and responsibilities associated with acting as lead plaintiff.

The Court has authority to strike class allegations under both Federal Rules of Civil Procedure 12(f) (as "immaterial" allegations) and 23(d)(4).  Additionally, striking class allegations is appropriate when no plaintiff has moved for appointment as lead plaintiff pursuant to the PSLRA.  *See, e.g., In re Initial Pub. Offering Sec. Litig.*, 224 F.R.D. 550, 553 (S.D.N.Y. 2004) (referring to case that court had previously dismissed because plaintiffs had been "unable to find any putative class member willing to move for appointment as class representative despite searching for more than a year, and also unable to establish that any such class member would ever be found"); *Brody v. Homestore, Inc.,* 2003 WL 22127103, at *3 (C.D. Cal. Aug. 8, 2003) ("Plaintiff has not complied with [the notice and other lead plaintiff-related requirements of the PSLRA], and therefore

may not maintain this action as a class action.   Accordingly, the Court hereby strikes the class action allegations.").

## III.   <u>CONCLUSION</u>

Since no plaintiff in this case appears willing to serve as lead plaintiff, it is inappropriate to maintain this lawsuit as a class action.   Defendants' Motion is granted and Plaintiffs' class action allegations are stricken.

The Court needs confirmation that the named Plaintiffs pursue their individual claims in this lawsuit.   Plaintiffs shall file a statement of intention to proceed with this litigation on or before **September 9, 2005**.   If they intend to proceed, the parties shall appear at a pretrial conference on **September 23, 2005** at **2:00 p.m.** to set a docket control order.   It is therefore

**ORDERED** that Defendants' Motion to Strike Class Allegations is **GRANTED.**   It is further

**ORDERED** that Plaintiffs' class action allegations in their Complaints in *Read v. Input/Output, Inc., et al.,* Civ. Action No. H-05-0108, *Arca v. Input/Output, Inc., et al.,* Civ. Action No. H-05-0457, and *Grossberger v. Input/Output, Inc., et al.,* Civ. Action No. H-05-0818, are **STRICKEN.**   It is further

**ORDERED** that, if Plaintiffs file a statement of intention to proceed with this case, the parties must file a Joint Case Management Plan by **September 19, 2005**, in conformity with Rule 26(f) of the Federal Rules of Civil Procedure.

SIGNED at Houston, Texas, this **26th** day of **August, 2005.**

_____

Nancy F. Atlas

United States District Judge